℈JS 44   (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

HARRY ANTONELLI

**(b)** County of Residence of First Listed Plaintiff _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

## DEFENDANTS

NCO FINANCIAL SYSTEMS, INC.

County of Residence of First Listed Defendant _____

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❒ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        (U.S. Government Not a Party)

❒ 2   U.S. Government
        Defendant

❒ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product | Med. Malpractice | ❒ 625 Drug Related Seizure | 28 USC 157 | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | Liability | ❒ 365 Personal Injury - | of Property 21 USC 881 | | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel & | Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 460 Deportation |
| & Enforcement of Judgment | Slander | ❒ 368 Asbestos Personal | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 470 Racketeer Influenced and |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' | Injury Product | ❒ 650 Airline Regs. | ❒ 830 Patent | Corrupt Organizations |
| ❒ 152 Recovery of Defaulted | Liability | Liability | ❒ 660 Occupational | ❒ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ❒ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❒ 490 Cable/Sat TV |
| (Excl. Veterans) | ❒ 345 Marine Product | ❒ 370 Other Fraud | ❒ 690 Other | | ❒ 810 Selective Service |
| ❒ 153 Recovery of Overpayment | Liability | ❒ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal | ❒ 710 Fair Labor Standards | ❒ 861 HIA (1395ff) | Exchange |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle | Property Damage | Act | ❒ 862 Black Lung (923) | ❒ 875 Customer Challenge |
| ❒ 190 Other Contract | Product Liability | ❒ 385 Property Damage | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal | Product Liability | ❒ 730 Labor/Mgmt.Reporting | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | Injury | | & Disclosure Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate | ❒ 790 Other Labor Litigation | ❒ 870 Taxes (U.S. Plaintiff | ❒ 893 Environmental Matters |
| ❒ 220 Foreclosure | ❒ 442 Employment | Sentence | ❒ 791 Empl. Ret. Inc. | or Defendant) | ❒ 894 Energy Allocation Act |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ | **Habeas Corpus:** | Security Act | ❒ 871 IRS—Third Party | ❒ 895 Freedom of Information |
| ❒ 240 Torts to Land | Accommodations | ❒ 530 General | | 26 USC 7609 | Act |
| ❒ 245 Tort Product Liability | ❒ 444 Welfare | ❒ 535 Death Penalty | **IMMIGRATION** | | ❒ 900 Appeal of Fee Determination |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities - | ❒ 540 Mandamus & Other | ❒ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❒ 550 Civil Rights | ❒ 463 Habeas Corpus - | | to Justice |
| | ❒ 446 Amer. w/Disabilities - | ❒ 555 Prison Condition | Alien Detainee | | ❒ 950 Constitutionality of |
| | Other | | ❒ 465 Other Immigration | | State Statutes |
| | ❒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original
    Proceeding

❒ 2 Removed from
    State Court

❒ 3 Remanded from
    Appellate Court

❒ 4 Reinstated or
    Reopened

❒ 5 Transferred from
    another district
    (specify)

❒ 6 Multidistrict
    Litigation

❒ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN
COMPLAINT:

❒ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ❒ No

## VIII. RELATED CASE(S)     (See instructions):

JUDGE _____     DOCKET NUMBER _____

Explanation:

DATE    03/30/12

SIGNATURE OF ATTORNEY OF RECORD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Harry Antonelli                          :                    CIVIL ACTION
                                          :
                          v.              :
NW Financial Systems, Inc.               :                    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( )


03/30/12          Craig Thor Kimmel          Harry Antonelli
_____        _____         _____
Date              Attorney-at-law            Attorney for

215-540-8888      877-788-2864               Kimmel@creditlaw.com
_____      _____              _____
Telephone         FAX Number                 E-Mail Address


(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 4 Point Pleasant Ave, Beesley's Point, NJ 08223

Address of Defendant: 507 Prudential Rd., Horsham PA 19044

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases 15 U.S.C. §1692
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 03/30/12   _____   57100

Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/30/12   _____   57100

Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HARRY ANTONELLI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Case No.:** |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC., | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| Defendant | ) | |
| | ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

HARRY ANTONELLI ("Plaintiff"), by and through his attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC.

("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original

jurisdiction of all civil actions arising under the laws of the United States.

- 1 -

3.      Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).


## PARTIES

5.      Plaintiff is a natural person residing in Beesley's Point, New Jersey 08223.

6.      Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

7.      Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.


## FACTUAL ALLEGATIONS

10.     Beginning in February 2012, and continuing through March 2012, Defendant constantly and continuously placed harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt of another person.

11.     Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

12.     Plaintiff is a disabled, senior citizen.

13.     Defendant harassed Plaintiff by making continuous calls to his home phone

- 2 -

number.

14.    Plaintiff regularly received automated telephone calls from: (888) 871-6484, which the undersigned has confirmed is a telephone number belonging to Defendant.

15.    Defendant identified the debtor as "Dan Radachak."

16.    Plaintiff is not "Dan Radachak" and a "Dan Radachak" does not live at Plaintiff's residence.

17.    During the relevant period, Defendant contacted Plaintiff, on average, at least two (2) times a day, sometimes calling as frequently as four (4) times a day.

18.    In addition to calling Plaintiff, Defendant would also leave voice mail messages on Plaintiff's home answering machine stating, in part, "(888) 871-6484.  Again that's (888) 871-6484 for Dan Radachak.  Thank you.  This is NCO Financial Systems.  We are a debt collection company.  This is an attempt to collect a debt.  Please call us back and refer to your ID Code 3R2NZ2."

19.    Wanting to stop Defendant's repeated and constant collection calls, Plaintiff contacted Defendant and spoke with a female collector.

20.    Plaintiff informed the collector that he was not "Dan Radachak" and did not know a "Dan Radachak."

21.    Plaintiff instructed Defendant to stop contacting him.

22.    Following this telephone call, Defendant failed to investigate or verify contact information prior to and after calling Plaintiff.

23.    Defendant failed to update its records to avoid further harassment of Plaintiff.

24.    Instead, Defendant continued to contact Plaintiff in its attempts to collect a debt of another person.

PLAINTIFF'S COMPLAINT

25.    The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of privacy.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

26.    In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

Count I

27.    Defendant's conduct violated §1692b(3) of the FDCPA.

 a.    A debt collector violates §1692b(3) of the FDCPA by communicating with any person other than the consumer more than once when not requested to do so by such person.

 b.    Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff multiple times regarding the debt of another person, despite knowing that Plaintiff did not want to be contacted.

28.    Defendant's conduct violated §1692c(b) of the FDCPA.

 a.    A debt collector violates §1692c(b) of the FDCPA by communicating with a person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consent of the consumer.

 b.    Here, Defendant contacted Plaintiff regarding the debt of another person, a Dan Radachak, and disclosed to Plaintiff that it was attempting to collect a debt, and Defendant did not have the prior consent of the debtor prior to

- 4 -

contacting Plaintiff.

29.     Defendant's conduct violated §§1692d and 1692d(5) of the FDCPA.

    a.     A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.     A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.     Here, Defendant violated §§1692d and 1692d(5) of the FDCPA when it harassed Plaintiff in connection with the collection of an alleged debt, by calling him two (2) to four (4) times a day about a debt of another person.

30.     Defendant's conduct violated §1692f of the FDCPA.

    a.     A debt collector violates §1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt.

    a.     Here, Defendant violated §1692f of the FDCPA by failing to update its records and to stop calling Plaintiff after Plaintiff advised Defendant that it was calling the wrong individual.

- 5 -

WHEREFORE, Plaintiff, HARRY ANTONELLI, respectfully prays for a judgment as follows:

    a.  All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HARRY ANTONELLI, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: 03|30|12

By: _____
CRAIG THOR KIMMEL
Attorney ID # 57100
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 6 -